UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

CARLOS MOLINA

                Plaintiff,

                v.

ORION MULTIMEDIA INC.

                Defendants.

------------------------------------------------------------------x

ECF Case
(LTS THK)

Case No. 11 CIV 1738

**COMPLAINT**

Jury Trial Demanded

Plaintiff Carlos Molina by his attorneys, Garson Segal Steinmetz Fladgate LLP, as and for his complaint against Defendant Orion Multimedia Inc., alleges on knowledge as to its own acts and otherwise on information and belief as follows:

## PRELMINARY STATEMENT

1. Plaintiff brings this action for; *inter alia*, breach of contract and unjust enrichment, as a result of Defendants flagrant breach of the contract between the parties. The contract validly executed by all parties, clearly set forth that that Plaintiff would be provided work to perform for Defendant Orion Multimedia Inc. ("Orion") a minimum of $70,000 dollars a contract year. The contract would also renew for additional years if notice of cancellation were not given. Nonetheless, after the contract was signed and after Plaintiff had completed his duties with positive feedback for around 18months, Defendant unilaterally and unjustly breached the contract by withholding payment and by not providing the minimum work for $70,000 dollars a year, thus necessitating the instant action.

## PARTIES

2.  Plaintiff Carlos Molina, at all relevant times, is and was a New York State citizen residing at 40 River Road #10 New York, NY 10044.

3.  Upon information and belief, Defendant Orion, at all relevant times, is and was a Colorado corporation, located at 10397 West Centennial Rd., Ste 140 Littleton CO 80127.

## JURISDICTION AND VENUE

4.  This is an action in excess of $75,000, exclusive of interest, costs and attorneys fees.

5.  Plaintiff is a citizen of New York.

6.  Defendant is a citizen of the State of Colorado.

7.  This Court has original jurisdiction over this matter, pursuant to 28 U.S.C. § 1332, because the matter in controversy is between citizens of the State of New York and the State of Nevada and exceeds the sum or value of $75,000 exclusive of interests and costs.

8.  There is complete diversity of citizenship.

9.  Venue is properly founded in the Eastern District of New York pursuant to 28 U.S.C. § 1391(a)(2) and (3).

## FACTS COMMON TO ALL CLAIMS

10. Plaintiff Carlos Molina is a motion graphics designer specializing in broadcast television.

11. Defendant Orion is a business focusing on media programming and has been operating for about 5 years.

12. In or about November of 2008 Mr. Molina was asked by Orion by enter into an agreement to provide media programming.

## THE EMPLOYMENT AGREEMENT

13. On or around November 11, 2008, Mr. Molina and Defendant entered into an employment agreement (the "Employment Agreement"). (Exhibit A)

14. The Employment Agreement hired Mr. Molina for a twelve-month period (the "Contract Year"). The Employment Agreement is also renews automatically for an additional twelve-months period and can only be terminated 60 days after written notice.

15. The Employment Agreement provided that Orion would compensate Mr. Molina a minimum $70,000 for the Contract Year of employment representing a minimum of 1075 hours at $65 dollars an hour.

16. As part of the bilateral Employment Agreement and as described in paragraph 6, Mr. Molina agreed not to "perform any work any work or cause for any work to be performed for any other field sports producer/series title sponsor for hunting related television programming during the contract period"

17. Mr. Molina turned down tens of thousand of dollars worth of work based on the signed contractual promises in paragraph 6 in the Employment Agreement.

18. Under the Employment Agreement, Mr. Molina is obligated to provide services "a minimum of 1075 hours" representing $70,000. Orion is obligated to provide a minimum of 1075 hours and $70,000's compensation a year.

19. The "Non-Solicitation" provision in the Employment Agreement calls for liquidated damages of "the entire $70,000 obligated by this agreement".

20. The "Payment" provision in the Employment Agreement further states, "a fee of $65 per hour or $70,000 for the contract period will be paid".

21. The "Payment" Provision in the Employment Agreement provides that Mr. Molina can take a monthly draw based on the $70,000 a year minimum as that decision is "to be determined by the contractor".

22. In the first Contract Year, Orion provided the required minimum to Mr. Molina.

23. In the 2009-2010 second Contract Year, Orion only provided $12,825 worth of work to Mr. Molina.

24. Orion did not provide the required additional $57,175 of work to Mr. Molina for the 2009-2010 Contract Year.

25. On multiple occasions during the 2009-2010 Contract Year, Mr. Molina was complimented on his work product.

26. On multiple occasions during the 2009-2010 Contract Year, Mr. Molina spke with Mr. Matt Tsatusko and Mr. John DePalma of Orion about not receiving work and Mr. Molina was assured that more work would be sent to him for the 2009-2010 Contract Year.

27. Mr. Molina was not provided with the required additional $57,175 of work for the 2009-2010 Contract Year.

28. No work was provided Mr. Molina in the third Contract Year of 2010-2011.

29. On March 9, 2011, Mr. Molina gave notice to terminate the agreement 60 days after said notice.

30. When the agreement terminates 60 days after notice there will be due and owing for at least 6 months of the required minimum or at least $35,000.

31. Despite repeated demands, Defendant has refused to pay the monies owed to Plaintiff pursuant to the Employment Agreement.

## FIRST CAUSE OF ACTION:

## BREACH OF CONTRACT

32. Plaintiff Carlos Molina repeats and reasserts the allegations contained in Paragraphs 1 through 27 of the Complaint as if set forth fully herein.

33. The Employment Agreement constitutes a valid and enforceable contract between Mr. Molina and Orion. Mr. Molina has performed all of his material obligations under the Employment Agreement.

34. Defendant has breached the terms of the Employment Agreement by failing to pay the salary due to Mr. Molina.

35. As a result, Plaintiff Mr. Molina has been harmed and thus Plaintiff is entitled to damages as set forth below.

## SECOND CAUSE OF ACTION:

## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

36. Plaintiff Mr. Molina realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

37. By failing to pay Mr. Molina the salary and committing a material breach of the Employment Agreement, the Defendant has failed to observe the reasonable commercial standards of fair dealing in the industry.

38.     The Defendant has not taken reasonable efforts towards meeting its' contractual obligations under the Employment Agreement.

39.     The Defendant has taken affirmative steps to frustrate the fruition of plaintiff's contractual rights.

40.     The Defendant has failed to effectuate the contractual intentions of the contracting parties by failing to meet their contractual obligations and by failing to pay the money owed to Plaintiff.

41.     By failing to meet its' contractual obligations, even though Plaintiff has fulfilled its contractual duties, the Defendant has injured and prejudiced the rights of the Plaintiff.

42.     The Defendant therefore breached the covenant of good faith and fair dealing under the Employment Agreement, and Plaintiff is entitled to damages as set forth below.

### THIRD CAUSE OF ACTION:

### UNJUST ENRICHMENT

43.     Plaintiff Mr. Molina realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

44.     The Defendant has received and kept sums of money rightfully belonging to the Plaintiff, and have furthermore profited from Plaintiffs work without paying Plaintiff just compensation.

45.     As a result of Defendants' actions, the Defendant has become unjustly enriched with money rightfully belonging to Plaintiff

46.  As a direct and proximate result of their unlawful acts, the Defendant has been unjustly enriched, and Plaintiff has suffered economic loss by virtue of Defendants' conduct.

47.  The Defendant has been unjustly enriched, and thus Plaintiff is entitled to damages as set forth below.

WHEREFORE, Plaintiff prays judgment as follows:

1. Plaintiff demands judgment against defendants for statutory, actual, compensatory, consequential, punitive and incidental damages in an amount to be determined at trial, together with costs of the action, including attorney's fees; and

2. An award of costs and pre-judgment and post-judgment interest; and

3. Such other and further relief as the court may deem just and proper.

Dated: New York, New York

March 14, 2011

_____
Michael M. Steinmetz Esq.
Garson, Segal, Steinmetz, Fladgate LLP
164 West 25th St. 11R
New York, NY 10001
(P) 212-380-3623
(F) 347-537-4540

*Carlos - looking forward to working w/ you. Cheers,*
*CM*

## The following represents the entire agreement between Orion Multimedia, LLC (company) and Carlos Molina (contractor) for the following services:

**Scope of Services/Obligations**

1. Contractor will provide graphic services for a minimum of 1075 hours ($70,000) during the contract period. Additional hours will be paid at $65 an hour.

2. Services can be performed in any location that contractor determines appropriate.

2. Contractor will purchase any hardware, configure any software and maintain this system independently, as long as configuration complies with the technical requirements as outlined by Orion.

4. Feedback on work products, delivery schedules and priorities will be established during periodic meetings between Orion and Contractor. These deadlines may be established in person, telephonically or be by e-mail communication. Periodically, Contractor may be required to visit the Orion offices in person at Orion's expense

4. It is Contractor's obligation to communicate well in advance any needs, obstacles, or barriers that might prevent the delivery of work products by the established deadlines. Well in advance is defined as enough time to discuss and implement an alternative course of action that will allow for the original deadline to be met.

6. Contractor agrees that neither contractor, any employee, contractor or agent of contractor will perform any work or cause for any work to be performed for any other field sports producer/series title sponsor for hunting related television programming during the contract period. Should contractor violate the terms of this provision, contractor agrees to refund all money paid to date under this contract (up to $70,000). This provision does not include work for field sports producers in the fishing genre and outdoor networks so long as such networks are the ones who initiate the work  Contractor will be allowed to finish work already started for two Hunting show packages done by other field sports producers.

7. Contractor understands that Orion is obligated to deliver original programming to the network on pre-determined dates. Orion's revenue is predicated upon the timely delivery of this programming. As such, production schedules are created well in advance and monitored throughout the production process for compliance. Orion agrees to share these schedules with Contractor in advance of delivery so that he may plan accordingly. From time to time, the network changes dates, requests programming in advance or substitutes programming. Every reasonable attempt will be made to communicate these changes to Contractor in a timely manner.

8. Contractor agrees to work with all production staff at Orion to understand the delivery time tables as well as produce and deliver all work products by the agreed upon deadlines All work products will be of the highest quality. Unsuitable work will need to be corrected

*CM*

and resubmitted by the agreed upon schedule. Orion has determined that on average series opens require 60-100 hours each depending upon complexity, maps require 2-6 hours each, billboards average 1-2 hours each. Contractor agrees to communicate to Orion if a particular project will require substantially more time than this before the project is initiated.

9. In the unlikely event that work products are repeatedly not of a quality level that meets Orion standards and/or deadlines are repeatedly missed, this contract may be voided with 2 weeks written notice. In case of termination, Contractor shall make a reasonable attempt to finish work in progress.

**Contract Period**

The initial contract period is twelve months beginning November 11, 2008 and ending November 10, 2009. The contract is automatically renewable unless either party terminates the contract with 60 days written notice. Contractor will be paid in full up until that time.

**Payment**

1. A fee of $65 per hour or $70,000 for the contract period will be paid either as invoiced or per a monthly draw to be determined by the contractor. Orion standard is net 30 terms. Raw footage, and any content or project files are to be returned to Orion with the final invoices for services.

2. Normal business expenses will be reimbursed if approved in advanced and submitted in a timely manner (i.e. not more than 90 days after the expenses were incurred) and on the Orion expense form. It is the contractor's responsibility to request and receive approval for business expenses prior to incurring these expenses or risk non-reimbursement. No capital asset purchases will be made by Contractor on behalf of Orion.

**Confidentiality**

1. Both during and after the term of this Agreement, Contractor agrees that unless otherwise expressly authorized in writing to do so by Chris Dorsey, President of Orion, contractor will not, for any purpose whatsoever, use, or disclose to any person, any client information or information about the company and/or its staff. After termination of this agreement, he will not, for any purpose whatsoever, use, or disclose to any person, any client or Orion information. Orion considers confidentiality a very serious matter and as such will enforce this clause by whatever legal means necessary.

**Non-Solicitation**

1. For a period of 6 months following the contract period, Contractor agrees that contractor, any employee of contractor or any agent of contractor will not, directly or indirectly, as a sole proprietor, member of a partnership, or stockholder, investor, officer or director of a corporation, or as an employee, agent, associate or consultant of any person, firm or corporation solicit business from any client of Orion (except networks), nor will contractor solicit any employee (whether full time, part time or contract of Orion) of Orion's. Should contractor violate the provisions of this agreement, contractor agrees to refund the entire $70,000 obligated under this agreement.

**Intellectual and Digital Capital**

1. All raw footage, interim work products, final work products (i.e. projects files with their source content), intellectual capital and deliverables are the sole property of Orion Multimedia. Orion may use these work products in any way deemed appropriate or necessary. No work product may be used by Contractor for any other purpose without the express written consent of Orion. Contractor agrees to return all working documents including project files whenever requested.
2. Raw footage, and any content or project files are the sole property of Orion and are to be returned to Orion with the final invoices for services. Any other Orion materials taken from the Orion premises will be returned to the Orion building no later than 30 days after receipt or immediately upon request.

**Contractor**

Signature: [signature]
Date: 11-20-08

**Chris Dorsey**
CEO
Orion Multimedia, LLC

Signature: [signature]
Date: 1-24-08